*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
December 28, 2023

v

MARCO L. TAYLOR,

        Defendant-Appellant.

No. 354823
Wayne Circuit Court
LC No. 98-009305-01-FC

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion for relief from judgment. We affirm.

## I. BACKGROUND

On March 31, 1999, defendant was convicted by a jury of one count of first-degree, premeditated murder, MCL 750.316(1)(a), and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to mandatory life imprisonment without parole for the murder conviction and two years' consecutive imprisonment for the felony-firearm conviction. Defendant filed an appeal as of right, and this Court affirmed defendant's convictions and sentence. *People v Taylor*, unpublished per curiam opinion of the Court of Appeals, issued August 14, 2001 (Docket No. 220102).[2] Defendant then

---

[1] *People v Taylor*, unpublished order of the Supreme Court, entered December 9, 2022 (Docket No. 163270).

[2] In that opinion, this Court detailed the factual background that led to defendant's convictions. This Court explained that defendant was dropped off by a vehicle at a gas station, shot the victim in the leg as the victim ran away, pursued the victim and shot him in the neck and the head while the victim was on the ground, and then ran through an alley to get back in the vehicle that was waiting for him. *Taylor*, unpub op at 2.

filed a delayed application for leave to appeal in the Michigan Supreme Court, and the Supreme Court denied leave to appeal on March 22, 2002. *People v Taylor*, unpublished order of the Supreme Court, entered March 22, 2002 (Docket No. 120120).

On September 27, 2019, defendant filed a motion for relief from judgment following the United States Supreme Court's decision in *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016), holding that the rule of *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012)[3] applies retroactively to cases on collateral review. In that motion, defendant argued, in relevant part, that his Eighth Amendment right against cruel and unusual punishment or his right against cruel or unusual punishment under Const 1963, art 1, §16 was violated since he was sentenced to mandatory life imprisonment without the possibility of parole for a crime he committed when he was 19 years old.[4] On March 11, 2020, the trial court denied defendant's motion, indicating that *Miller* did not apply to him because he was 19 years old at the time he committed the crimes for which he was sentenced.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews questions of constitutional law de novo. *People v* Parks, 510 Mich 225, 245; 987 NW2d 161 (2022).

## III. ANALYSIS

On appeal, defendant argues that his mandatory life-without-parole sentence for first-degree murder committed at age 19 violates the state constitutional prohibition against cruel or unusual punishment. We disagree.

A panel of this Court recently issued a published case addressing the same issue raised by defendant in this matter. In *People v Czarnecki (On Remand, On Reconsideration)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 348732); slip op at 2-3, this Court explained:

> In *Parks*, 510 Mich at 268, our Supreme Court held that "mandatorily subjecting 18-year-old defendants convicted of first-degree murder to a sentence of life without parole violates the principle of proportionality derived from the Michigan Constitution, and thus constitutes unconstitutionally cruel punishment under Const 1963, art 1, § 16." Previously, however, in *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976), our Supreme Court upheld the constitutionality of a sentence of life without parole for a defendant convicted of felony murder,

---

[3] In *Miller*, the United States Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. *Miller*, 567 US at 489.

[4] Defendant also argued that his trial counsel was ineffective, that the prosecutor committed misconduct, and that his appellate counsel was ineffective, but none of these arguments are relevant to this appeal.

expressly rejecting the defendant's argument that such a sentence constitutes cruel or unusual punishment under Const 1963, art 1, § 16. See also *People v Adamowicz (On Second Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 330612); slip op at 3. Our Supreme Court in *Parks* explicitly limited the effect its opinion had on *Hall*, stating that its "opinion today does not affect *Hall*'s holding as to those older than 18." *Parks*, 510 Mich at 255 n 9. See also *Adamowicz (On Second Remand)*, ___ Mich App at ___; slip op at 4. From this, it follows that *Hall*'s holding continues to apply to those older than 18.

\* \* \*

Before *Parks* was decided, defendant's sentence of life imprisonment without the possibility of parole did not constitute cruel or unusual punishment under Const 1963, art 1, § 16 according to *Hall*, 396 Mich at 657-658. *Parks* explicitly stated that its "opinion today does not affect *Hall*'s holding as to those older than 18." *Parks*, 510 Mich at 255 n 9. Accordingly, following *Parks*, defendant's mandatory life-without-parole sentence for a first-degree murder committed at the age of 19 continues to not be cruel or unusual punishment under Const 1963, art 1, § 16 according to *Hall*, 396 Mich at 657-658. [*Czarnecki (On Remand, On Reconsideration)*, ___ Mich App at ___; slip op at 2-3.]

Thus, the holding of *Parks* does not permit this Court to ignore *Hall*, as a panel of this Court recognized in *Czarnecki (On Remand, On Reconsideration)* and another recent published opinion, *People v Adamowicz (On Second Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 330612); slip op at 4 (holding that *Hall* compelled the conclusion that subjecting a 21-year-old defendant to a mandatory sentence of life without the possibility of parole did not constitute cruel or unusual punishment under the Michigan Constitution). Although defendant urges this Court to read the analysis of *Parks* to reach defendants who were 19 years of age or older when they committed murder or another serious offense and, as a result, received a mandatory life-without-parole sentence, we are bound to follow the holdings of the Supreme Court and cannot "anticipatorily ignore" binding precedent. *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). Without further extension of *Parks* by the Supreme Court, this Court is bound by *Hall* and *Czarnecki (On Remand, On Reconsideration)*, and must conclude that defendant's mandatory life-without-parole sentence for a first-degree murder committed at the age of 19 continues to not be cruel or unusual punishment under Const 1963, art 1, § 16.

Affirmed.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron